IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NXT LEVEL HEALTH, LLC, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN WORKERS INSURANCE | § | Civil Action No. 19-3605 |
| SERVICES, INC., | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff NXT Level Health, LLC (the "**NXT Level**") complains of American Workers Insurance Services, Inc. ("**AWIS**") and respectfully states as follows:

### I.      PARTIES

1.      Plaintiff NXT Level Health, LLC is a Florida limited liability company with its home office and principal place of business in Pompano Beach, Broward County, Florida. NXT Level does not have an office or employees in the State of Texas.

2.      Defendant American Workers Insurance Services, Inc. is a Texas Corporation Sole with its principal place of business in Houston, Harris County, Texas. American Workers Insurance Services, Inc. may be served with process through its registered agent, National Registered Agents, Inc. at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## II.    STATEMENT OF JURISDICTION

3.    The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The parties are diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.    VENUE

4.    Venue is proper in this district under 28 U.S.C § 1391 because AWIS is a resident of this judicial district and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## IV.    FACTUAL BACKGROUND

a.    *The Parties and the Agreement*

5.    AWIS is engaged in the business of packaging various association life, health and accident insurance benefits, discount services and other programs for sale to prospective members of the National Association of Preferred Providers ("**NAPP**").

6.    NXT Level is in the business of marketing and selling health and dental insurance and related benefits to consumers.

7.    On March 3, 2018, NXT Level, through its licensed representatives Corey Tiger and Bradley Mednick, entered into an Agreement (the "**Agreement**") with AWIS whereby NXT Level would market and sell healthcare and other benefit packages to prospective members of NAPP. Under the terms of the Agreement, NXT Level was to be compensated based on a schedule of commissions for the sale of various insurance products and packages, including, among other things, commissions for initial sales and renewals. Thereafter, NXT Level began marketing and selling AWIS plans.

**b.**     *The Insurety Lawsuit*

8.     On September 12, 2019, NXT Level learned that AWIS was sued by Insurety Capital ("**Insurety**") on August 5, 2019 in the 215th Judicial District Court, Harris County, Texas as cause number 201953545 (the "**Insurety Lawsuit**"). The Insurety Lawsuit alleges that, among other things, AWIS failed to pay Insurety moneys owed for the future-commission receivables Insurety had purchased from AWIS. As NXT Level had received an advance on commissions from AWIS which may have been funded by Insurety's purchase of future commission receivables, NXT Level was concerned.

9.     On September 12, 2019, NXT Level reached to Alec Buico, with Direct Health Group, its upline, to inquire about the lawsuit and whether NXT Level should be concerned. NXT Level included a copy of Insurety's Original Petition in its communications to Mr. Buico. In response, NXT Level learned that Direct Health Group and Mr. Buico were already aware of the Insurety Lawsuit. As such, NXT Level's action in providing a copy of the Insurety Lawsuit to Mr. Buico, itself, could not have caused AWIS any harm.  Mr. Buico informed NXT Level that it did not need to be concerned. No further communications were had.

**c.**     *The Termination*

10.     On September 16, 2019, without prior notice, AWIS sent NXT Level a letter stating that the Agreement was terminated effective immediately. The September 16, 2019 letter did not give a basis for the termination, stating merely that it was done "in accordance with the terms outlined in the Producer Agreement."

11.     When pressed for a basis for the termination, AWIS cited Section 5.2 of the Agreement, alleging that NXT Level, by distributing a copy of the Insurety Lawsuit, had furnished false or misleading information that was intentionally misconstrued to besmirch AWIS and that NXT Level had engaged in conversations with other agencies with the sole intent of disparaging

AWIS and damaging its professional reputation. Aside from its questions to Mr. Buico with Direct Health Group about the Insurety Lawsuit, NXT Level is not aware of any other communications relating to AWIS. When pressed for specific examples of the alleged misconduct, AWIS remained silent, choosing to ignore and failing to respond to the request.

12.     At the time of the termination, AWIS was one of NXT Level's most profitable product lines. NXT Level was achieving sales commissions on AWIS products in excess of $7,000.00/day.

13.     On September 20, 2019, NXT Level received an email directly from Insurety who was unaware of the termination. The email from Insurety disclosed the existence and nature of the lawsuit, expressed Insurety's ongoing interest in NXT Level's relationship with AWIS and asked NXT Level to maintain the Agreement with AWIS.

**d.**     ***Additional Charges***

14.     Prior to termination, NXT Level learned that AWIS was charging a $20 fee to NXT level for each transaction. This fee is not required by, or otherwise referenced in the Agreement. When pressed on the purpose of the $20 fee, AWIS simply stated that it was an industry standard but failed to provide any further details. Regardless of industry standards, NXT Level did not agree to this per-transaction fee under the terms of the Agreement and AWIS should not be permitted to collect or retain these funds.

## CAUSES OF ACTION

### Count I – Breach of Agreement

15.     NXT Level incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 14.

16.     NXT Level performed, or in the alternative, substantially performed all its obligations under the Agreement. AWIS materially breached the Agreement by, among other

things, improperly terminating NXT Level for cause, failing to pay NXT Level all it was due under the Agreement, and improperly charging NXT Level fees that were not provided for in the Agreement.

17.    Because of the material breaches committed by AWIS under the Agreement, NXT Level sustained damages in excess of $2,000,000.00, excluding attorneys' fees, expenses, costs and interest.

### Count II – Recovery of Attorney Fees, Interest, and Expenses

18.    NXT Level incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 17.

19.    As a result of the wrongful actions of AWIS, set forth above, NXT Level has been required to retain attorneys to prosecute the claims asserted herein, and has and will incur reasonable and necessary attorneys' fees in connection therewith. NXT Level is entitled to recover attorneys' fees and expenses under the Agreement and Texas law. Additionally, NXT Level seeks pre and post-judgment interest and costs of court.

### V.    REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff NXT Level Health, LLC respectfully requests that American Workers Insurance Services, Inc. be cited to appear and answer herein and, upon final trial thereof, that NXT Level receive:

1.    Judgment against the Defendant in the amount of damages incurred by NXT Level;
2.    Attorney fees and expenses;
3.    Pre- and post-judgment interest at the maximum rate permissible at law or in equity;
4.    Costs of court; and
5.    Such other and further relief to which the NXT Level may be justly entitled.

Respectfully submitted,

**WEINSTEIN RADCLIFF PIPKIN LLP**

*/s/ Jacob L. McBride*
Jacob L. McBride
State Bar No. 24070231
Southern District No. 1105534
8350 N. Central Expressway, Suite 1550
Dallas, Texas 75206
214-865-6126 Telephone
214-865-6140 Facsimile
jmcbride@weinrad.com

**ATTORNEY FOR PLAINTIFF NXT LEVEL
HEALTH, LLC**